IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHLEEN DeLOZIER CARTER,

        Plaintiff,

vs.                                                           CIV No. 98-2 JP/RLP

MINNESOTA TITLE COMPANY,
and its successor in interest, OLD
REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

        This matter comes before me *sua sponte*. Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**Background**

        On February 28, 1997, plaintiff Kathleen DeLozier Carter filed suit against defendants Minnesota Title Company and Old Republic National Title Insurance Company in the Second Judicial District Court, County of Bernalillo, State of New Mexico asserting claims based solely on New Mexico law. Ms. Carter's complaint alleged actual damages "for the diminution of the value of her property and the lack of alienability of the property due to Defendant[s'] actions." Complaint at ¶ 17. The suit stems from a drainage easement that Ms. Carter alleges she did not know about prior to purchasing her home and which she alleges defendants improperly excluded from the title insurance policy issued to her. It appears from the exhibits attached to the complaint that Ms. Carter purchased her home in 1987 for $159,700.

According to defendants' "Notice of and Petition for Removal," defendants were served with a copy of the summons and complaint on December 1, 1997 and were granted an extension to respond until January 14, 1998.  On January 5, 1998, defendants removed the action to this court under 28 U.S.C. §§ 1441 and 1446 alleging diversity jurisdiction under 28 U.S.C. § 1332.  In particular, defendants stated that "this action is between citizens of different States and the matter in controversy exceeds $75,000.00, exclusive of interest and costs."  Notice of Removal at ¶ 2.

**Discussion**

"'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.'"  Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 116 S.Ct. 174 (1995)  (citations omitted).

In order for diversity jurisdiction to exist, 28 U.S.C. § 1332(a) requires that the amount in controversy exceed $75,000.  "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds $50,000.'"[1] Laughlin, 50 F.3d at 873 (quoting Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).  Furthermore, "there is a presumption against removal jurisdiction."  Laughlin, 50 F.3d at 873 (citing Gaus, 980 F.2d at 567).

In Laughlin, the Court of Appeals for the Tenth Circuit found that

> [n]either Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims .... Kmart sets forth facts in its jurisdictional brief alleging that at the time of removal the amount in controversy was well above the jurisdictional minimum of $50,000. Kmart failed, however, to include any of these facts in its notice of removal .... Moreover, Kmart's economic analysis of Laughlin's claims

---

[1]  At the time Laughlin was decided, the amount in controversy needed to exceed $50,000.00 exclusive of interest and costs.  Effective January 17, 1997, that amount was increased to $75,000.00

for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

Laughlin, 50 F.3d at 873.

Here, similar to the situation in Laughlin, Ms. Carter's complaint does not establish that the amount in controversy exceeds $75,000. All that can be gleaned from the Complaint and exhibits is that the home was purchased for $159,700 and that Ms. Carter is seeking to recover for an alleged "diminution of the value of her property and the lack of alienability of the property due to Defendant[s'] actions." Complaint at ¶ 17. Similar to the defendant in Gaus, Defendants merely state in their notice of removal that "the matter in controversy exceeds $75,000.00 exclusive of interest and costs." There is simply nothing in the pleadings to suggest that a drainage easement devalued Ms. Carter's property by the jurisdictional minimum. Neither the complaint nor the notice of removal set forth the 'underlying facts supporting [the] assertion that the amount in controversy exceeds $[75,000].'" Laughlin, 50 F.3d at 873 (quoting Gaus, 980 F.2d at 567). Therefore, I lack subject matter jurisdiction.

Because this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this court. That section provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, remand is appropriate in this instance.

IT IS THEREFORE ORDERED that this case is hereby remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE